UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JEFFREY PLOTKE, | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cv-3286 |
| | ) |
| vs. | ) |
| | ) Judge Sue E. Myerscough |
| CITY OF LINCOLN, a municipal corporation, | ) |
| Lincoln Police SGT. KEVIN LYNN, Individually | ) Magistrate Judge Karen L. McNaught |
| and as agent or employee of the City of Lincoln, | ) |
| OFFICER CHAD EIMER, Individually and as | ) |
| agent or employee of the City of Lincoln, | ) |
| CLINTON WOMBLES, Individually and as agent | ) |
| or employee of the City of Lincoln, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants, KEVIN LYNN, CHAD EIMER, and CLINTON WOMBLES, by and through their attorneys, CHARLES E. HERVAS and JAIME D. NOLASCO ESQUIVEL of HERVAS, CONDON, BERSANI, P.C., and pursuant to Federal Rule of Civil Procedure 37 and 41(b), and Local Rule 37.3, move this Court for entry of a dismissal order of Plaintiff's suit for his repeated failure to comply with this Court's discovery orders. In support of said motion, Defendants state as follows:

    1.       On October 19, 2023, this Court narrowed Plaintiff Jeffrey Plotke's complaint to one claim: a Fourth Amendment claim of excessive force against three Lincoln Police Officers (Dkt. 6; Dkt. 1). This Court informed Plaintiff that his lawsuit would be dismissed if Plaintiff failed to notify of changes in contact information (Dkt. 6). Moreover, Plaintiff was instructed to mail discovery requests and responses directly to the Defendants' counsel. *Id.*

2. On December 19, 2023, this Court scheduled discovery to close by June 20, 2024, and among other things, specified the deadlines to respond to discovery requests and to proffer initial disclosures (Dkt. 13). This Court's discovery order twice admonished Plaintiff that his case would be dismissed if he failed to abide by the discovery order and if he failed to update his current address and phone number (Dkt. 13 at 1, 8).

3. On December 28, 2023, Defendants served written discovery to Plaintiff's Shawnee Correctional Center address (Defs.' 12/28/23 letter to Pl., attached hereto as Ex. A; Defs.' Interrogatories to Pl., attached hereto as Ex. B; Defs.' Req. to Produce to Pl., attached hereto as Ex. C). Plaintiff's deadline to respond to Defendants' written discovery was January 27, 2024. *Id.* Defendants also stressed that Plaintiff was required to update his residential address in light of his January 2024 custodial release. *Id.* But Plaintiff did not receive Defendants' written discovery and December 28, 2023, letter because Plaintiff, without notifying this Court or Defendants' counsel, had been transferred out of the facility.

4. In early 2024, Defendants found Plaintiff's current address after independent investigation. The address was 510 N. Vine Street, Mt. Pulaski, IL 62458. On February 6, 2024, Defendants mailed a second discovery letter and written discovery to Plaintiff's Vine address that advised Plaintiff of the overdue (1) responses to Defendants' written discovery and (2) initial disclosures (Defs.' 2/6/24 letter to Pl., attached hereto as Ex D). Moreover, Defendants stressed that it was Plaintiff's responsibility to notify the Court and Defendants' counsel of change of addresses and to abide by the Court's discovery order (Ex. D). Plaintiff confirmed the delivery of Defendants' February 6, 2024, letter and written discovery by signing the certified mail receipt (Certified Mail Receipt, attached hereto as Ex. E).

5. On March 1, 2024, Defendants mailed a third discovery letter to Plaintiff, who again signed the certified mail receipt (Defs.' 3/1/24 letter to Pl., attached hereto as Ex F). In this discovery letter, Defendants again reminded Plaintiff of his obligations to answer Defendants' overdue written discovery and to serve Plaintiff's discovery to Defendants. The letter also pointed out Plaintiff's failure to provide an updated address to the Court and Defendants' counsel (Ex. F). Plaintiff was notified that Defendants would move to dismiss the case if Plaintiff did not engage in his court-ordered responsibilities (Ex. F).

6. To date, Plaintiff has failed to respond to Defendants' written discovery and provide initial disclosures and has failed to abide by this Court's Order [Dkt. 13] by failing to keep the Court apprised of current residential addresses and contact information.

7. Since this case's inception, Plaintiff has failed, time and again, to comply with this Court's orders by not providing court updates on current addresses and by not meeting his discovery obligations.

8. In such a case, dismissal has repeatedly been held to be an appropriate sanction. *Govas v. Chalmers*, 965 F.2d 298, 303 (7th Cir. 1992) (upholding dismissal with prejudice of plaintiff's claim where plaintiff repeatedly failed to comply with court orders and discovery requests; *Newman v. Metr. Pier & Expo. Auth.*, 962 F.2d 589, 591 (7th Cir. 1992) (ruling that plaintiff's failure to comply with court orders is properly sanctioned by dismissal of suit). Courts within the Central District of Illinois have dismissed similar cases. *Davis v. Juergens*, No. 22-CV-2279, 2024 WL 40190, at *2 (C.D. Ill. Jan. 3, 2024); *Frako Ware v. Chad Kolitwenzew, et al.*, 2:22CV02114-CSB (C.D. Ill. Jan. 2023).

9. Courts within the Seventh Circuit have reasoned that as soon as a pattern of noncompliance with a Court's discovery orders emerges, the judge is entitled to act with swift

decision, and dismissal of the suit is appropriate where noncompliance is on the part of the Plaintiff. *Butkus v. City of Chi.*, 1999 WL 439001, at 7 (N.D. Ill. 1999).

10. In this case there is no doubt that a pattern of noncompliance has emerged, as it relates to this Court's discovery orders. Plaintiff has failed to keep this Court and Defendants apprised of residential addresses and contact information, along with a failure to meet discovery obligations. This Court, moreover, admonished Plaintiff that his case could be dismissed on these very grounds (Dkt. 13).

11. Accordingly, Defendants move to dismiss, with prejudice, the entirety of Plaintiff's case, as it is judicially appropriate and proportionate in light of Plaintiff's pattern of noncompliance.

WHEREFORE, Defendants respectfully move this Court to enter an Order dismissing Plaintiff's action with prejudice and requiring Plaintiff to pay all reasonable expenses, including attorney fees, which Defendants incurred in bringing this action.

Respectfully submitted,

s/ **Jaime D. Nolasco Esquivel**
JAIME D. NOLASCO ESQUIVEL, ARDC No. 06340930
CHARLES E. HERVAS, ARDC No. 06185117
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
(630) 773-4774
jnolasco@hcbattorneys.com
chervas@hcbattorneys.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| JEFFREY PLOTKE, | ) |
| | ) |
| Plaintiff, | ) Case No. 23-cv-3286 |
| | ) |
| vs. | ) |
| | ) Judge Sue E. Myerscough |
| CITY OF LINCOLN, a municipal corporation, | ) |
| Lincoln Police SGT. KEVIN LYNN, Individually | ) Magistrate Judge Karen L. McNaught |
| and as agent or employee of the City of Lincoln, | ) |
| OFFICER CHAD EIMER, Individually and as | ) |
| agent or employee of the City of Lincoln, | ) |
| CLINTON WOMBLES, Individually and as agent | ) |
| or employee of the City of Lincoln, and | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on **March 19, 2024**, I electronically filed the foregoing ***Defendants' Motion to Dismiss Plaintiff's Complaint*** with the Clerk of the District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, which will send notification to the CM/ECF participants; and I hereby certify that I have mailed with the United States Postal Service the aforementioned document to the following non-CM/ECF participant:

**TO:** Jeffrey A. Plotke
510 N. Vine St.
Mt. Pulaski, IL 62548
*Pro Se Plaintiff*

via certified mail by depositing a copy of same in the U.S. Mail at 333 Pierce Road, Itasca, Illinois on **March 19, 2024,** by 5 p.m. with the proper postage prepaid.

s/ **Jaime D. Nolasco Esquivel**
JAIME D. NOLASCO ESQUIVEL, ARDC No. 06340930
*One of the Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156
(630) 773-4774
jnolasco@hcbattorneys.com
