UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JEFFREY PLOTKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-3286 |
| | ) | |
| vs. | ) | |
| | ) | Judge Sue E. Myerscough |
| CITY OF LINCOLN, a municipal corporation, | ) | |
| Lincoln Police SGT. KEVIN LYNN, Individually | ) | Magistrate Judge Karen L. McNaught |
| and as agent or employee of the City of Lincoln, | ) | |
| OFFICER CHAD EIMER, Individually and as | ) | |
| agent or employee of the City of Lincoln, | ) | |
| CLINTON WOMBLES, Individually and as agent | ) | |
| or employee of the City of Lincoln, and | ) | |
| UNKNOWN PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS AND TO REPLY TO PLAINTIFF'S CHANGE OF ADDRESS**

NOW COME Defendants, KEVIN LYNN, CHAD EIMER, and CLINTON WOMBLES, by and through their attorneys, CHARLES E. HERVAS and JAIME D. NOLASCO ESQUIVEL of HERVAS, CONDON, BERSANI, P.C., and in further support of their Motion to Dismiss (D/E 15) state as follows:

1. On March 19, 2024, Defendants moved to dismiss Plaintiff's Complaint for failure to update his address and for failure to comply with this Court's Discovery Rules and Court Orders. Dkt. 15; Dkt. 16; Dkt. 17. Defendants submitted evidence that Defendants have made additional efforts to reach Plaintiff, with confirmation that Plaintiff has received Defendants' discovery letters. Dkt. 15; Dkt. 16; Dkt. 17. These efforts included mailing Defendants' Motion to Dismiss and the discovery letters to Plaintiff's 510 N. Vine Street residence. Dkt. 15; Dkt. 16; Dkt. 17.

**EXHIBIT A**

2. Since then, this Court has had to issue multiple orders regarding Plaintiff's continued failure to respond to Defendants' written discovery and for failure to update his address. Dkt. 6; Dkt. 13; Dkt. 18; Dkt. 19; April 19, 2024 Court Order. In addition, this Court has had to grant *multiple* extensions of time in what should be a straightforward §1983 Fourth Amendment case, solely due to Plaintiff's continued failure to respond to Defendants' written discovery and with noncompliance with Court Orders. Dkt. 6; Dkt. 13; Dkt. 18; Dkt. 19; April 19, 2024 Court Order.

3. Nor has Plaintiff responded to Defendants' Motion to Dismiss, Defendants' two discovery letters, or Defendants' written discovery, despite Defendants mailing the motion and letters to Plaintiff's 510 N. Vine Street residence. Dkt. 15; Dkt. 16; Dkt. 17.

4. This Court has *thrice* warned that Plaintiff's case would be dismissed for failure to follow this Court's Orders. Dkt. 13; Dkt. 18; April 19, 2024 Court Order.

5. In Plaintiff's May 5, 2024 letter, Plaintiff does not adequately explain what has prevented Plaintiff from complying with this Court's Orders and Defendants' written discovery. Dkt. 20. To the contrary, Plaintiff's letter acknowledges that he has been released from jail, and that his address has been the same address that Defendants have mailed documents to. Dkt. 20. Moreover, Plaintiff's [Dkt. 20] letter does not comply with the Court's twice ordered showing of good cause. Dkt. 13; Dkt. 18; April 19, 2024 Court Order.

6. *Pro se* litigants must follow the same rules of procedure that govern other litigants, "particularly when the Courts demands that he do so." *Warren v. Illinois Dep't of Corr.*, 2024 WL 2154960, at 1 (S.D. Ill. 2024); *Rico v. Howe*, 2024 WL 461187, at 2 (C.D. Ill. 2024). In other words, *pro se* status does not excuse intentional noncompliance with discovery rules and Court orders. *Id.*; *Id.* Here, Defendants have submitted certified mail receipts that Plaintiff has

2

received Plaintiff's past discovery letters, in addition to mailing the Defendants' Motion to Dismiss to Plaintiff's Vine Street residence on March 19, 2024. Dkt. 15. This Court should construe Plaintiff's [Dkt. 20] letter as an admitted awareness of this Court's multiple orders, Defendants' Motion to Dismiss, and Defendants' written discovery. And, taking everything together, this Court should find that Plaintiff's noncompliance was not due to circumstances beyond Plaintiff's control. *Rico*, 2024 WL 461187, at 2 (C.D. Ill. 2024); Dkt. 15 at 3-4 (citing 7th Circuit and Central District of Illinois cases).

7. Moreover, less drastic sanctions under Federal Rule of Civil Procedure 37 would be ineffective. Plaintiff does not have funding to pay monetary sanctions. Dkt. 4; Dkt. 5; Oct. 19, 2023 Court Order. Evidentiary sanctions would be impractical given Plaintiff's noncompliance has prevented Defendants from determining if there is any probative and relevant evidence of Plaintiff's Fourth Amendment claim. In other words, Plaintiff's noncompliance has prevented this case from moving forward, and has prejudiced Defendants from gathering facts and documents upon which Plaintiff bases his Fourth Amendment claims. This Court should construe Plaintiff's noncompliance, coupled with unnecessary delay, as an injury that is prejudicial to Defendants.

8. Equally important is the public's interest in expeditiously solving cases and this Court's inherent authority in managing its heavy docket. As of today, this Court's scheduling Order closes all discovery by June 20, 2024, leaving Defendants with little-to-no-time to mount their defense. Dkt. 13; Dkt. 15 at 2.

9. Taken together compels the conclusion that "[d]ismissal is appropriate if the Court finds the party's actions "displayed willfulness, bad faith, or fault, and if dismissal would be a proportionate response to the circumstances." *Rico*, 2024 WL 461187, at 2.

WHEREFORE, Defendants respectfully move this Court to enter an Order dismissing Plaintiff's action with prejudice and requiring Plaintiff to pay all reasonable expenses, including attorney fees, which Defendants incurred in bringing this action.

**s/ Jaime D. Nolasco Esquivel**
JAIME D. NOLASCO ESQUIVEL No. 6340930
CHARLES E. HERVAS, ARDC No. 06185117
*Attorney for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL  60143-3156
P:  630-773-4774     F:  630-773-4851
chervas@hcbattorneys.com
jnolasco@hcbattorneys.com
